UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
…………………………………………….…

SHALLON BOYER, Individually, and as
Parent/Guardian of K.B., a Minor,

                  Plaintiff,

    - against -

THE VILLAGE OF DOLGEVILLE,
TIMOTHY SCHLOICKA, TIA
ZACCARIA and DONALD DODSON,
Individually and as Agents, Servants and/or
Employees of the Village of Dolgeville,

                  Defendants.
……………………………………………………

**VERIFIED COMPLAINT**
6:18-cv-765 (LEK/ATB)

The plaintiff, Shallon Boyer, individually and as Parent/Guardian of K.B., by and through their attorneys, Luibrand Law Firm, PLLC, (Kevin A. Luibrand, of counsel), as and for a complaint against defendants, states and alleges as follows:

## BACKGROUND AND JURISDICTION

1.      This is an action at law pursuant to Title 42 U.S.C. § 1983 to redress the intentional deprivation by defendants, acting under color of statute, ordinance, regulation, custom and/or usage, of a right, privilege or immunity secured to Shallon Boyer and K.B. by the Fourth and Fourteenth Amendments of the Constitution of the United States of America, as well as claims arising under the laws and Constitution of the state of New York.

2.      This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendment, federal law, as actionable under Title 42 U.S.C. § 1983 as well as under the Constitution and laws of the State of New York.

1

3.     This Court has jurisdiction of this case under Title 28 U.S.C. §§ 1331 and 1367(a).

## PARTIES

4.     Plaintiff Shallon Boyer, individually, and as Parent/Guardian of K.B., is a citizen of the State of New York and the United States of America, and a resident of the County of Herkimer.

5.     Plaintiff Shallon Boyer is the parent and guardian of K.B., a minor.

6.     Defendant Village of Dolgeville ("Village") is a governmental subdivision of the State of New York located in the County of Herkimer.

7.     Defendants Timothy Schloicka, Tia Zaccaria and Donald Dodson are employees of the Village of Dolgeville, and Timothy Schloicka and Tia Zaccaria are police officers of the Village of Dolgeville, and all of their actions hereafter were done in the course of their employment with the Village of Dolgeville.

8.     The Village and individual defendants are collectively referred to as "Defendants".

## FACTS

9.     On June 28, 2017, the minor K.B. was riding his bicycle in the area of the Village police station where Donald Dodson and another Village employee were striping parking lines on blacktop adjacent to the police station building.

10.     The area where the work was being done was public property and the adjacent street was public property.

11.     K.B. is mentally disabled, emotionally and cognitively impaired, and, prior to the actions of Defendants described hereafter, Defendants were aware K.B. was a mentally disabled, emotionally and cognitively impaired minor.

2

12.     On the above stated date, K.B. was riding his bicycle on public property and in the area where the striping work was being done by Defendant Dodson.

13.     Defendants Schloicka and Zaccaria came to the area in their police car.

14.     Defendants Dodson, Schloicka and Zaccaria attempted to stop K.B. who was riding his bicycle on the street and, at times, on the blacktop area next to the police station.

15.     Plaintiff Shallon Boyer arrived at the area and spoke to Defendants Schloicka and Zaccaria about K.B.'s mental disability.

16.     K.B. then rode his bicycle on the street adjacent to the police station parking area that was being paint striped, and Defendant Dodson ran towards K.B. onto the public street and knocked K.B. to the ground from his bicycle as K.B. biked on the street past the parking area.

17.     As a result of Defendant Dodson's actions, K.B. hit his head and body on the pavement, suffered a concussion and subsequent permanent damages.

18.     Defendant Dodson then grabbed K.B., and Plaintiff Shallon Boyer went to K.B.'s aid as Defendant Dodson brought him to Defendants Schloicka and Zaccaria.

19.     Defendants Schloicka and Zaccaria then brought the now injured K.B. towards a car parked on the roadside away from his mother, Plaintiff Shallon Boyer, as she approached to assess his injuries.

20.     Defendants Schloicka and Zaccaria then held K.B..

21.     Defendants Schloicka and Zaccaria struck K.B..

22.     Shallon Boyer then attempted to intervene to stop the further battery of K.B. and to assess K.B.'s head injury.

23.     Defendants Dodson and Zaccaria then threw K.B. to the pavement.

24.     Defendant Schloicka then grabbed and pulled Shallon Boyer away from K.B..

3

25. Defendant Schloicka then pressed Shallon Boyer up against a vehicle, kneed her in the groin area, and punched and hit her in the face multiple times while twisting her arm, and then threw Shallon Boyer to the pavement.

26. The aforesaid actions proximately caused injury to Shallon Boyer's head, face and legs.

27. Defendants then fabricated statements to justify the injuries to Plaintiffs.

28. Each and all of the aforesaid actions by Defendants were done intentionally.

29. Each and all of the aforesaid actions by Defendants were done with reckless disregard for the welfare of Shallon and K.B..

30. Each and all of the aforesaid actions by Defendants were done maliciously.

31. Each and all of the aforesaid actions by Defendants were done negligently.

32. Each and all of the above actions proximately caused injuries to Shannon Boyer and K.B..

33. All of the aforesaid actions of Defendants were State actions.

34. All of the aforesaid actions of the Defendants were done in the course of their employment with the Village.

35. On September 22, 2017, Plaintiff caused a Notice of Claim to be filed with the Village.

36. The Notice of Claim complied with New York State Law and placed the Village on notice of the claims herein.

37. On March 15, 2018, a 50-h hearing was conducted of K.B. and Shallon Boyer on behalf of Defendant Village.

**FIRST CAUSE OF ACTION:**
**DENIAL OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983**

38.    Paragraphs 1-37 are re-alleged with the same force and effect as if hereinafter set forth in full.

39.    Plaintiffs were subjected to the deprivation of rights, privileges, and/or immunities secured by the Constitution of the United States of America and has been damaged thereby.  The rights, privileges, and immunities deprived by defendants included, but are not limited to:

    a.    Right to freedom from use of excessive force.

    b.    Right to Freedom from cruel and unusual punishment.

40.    The aforesaid actions of Defendants proximately caused injuries to Plaintiffs.

41.    As a proximate result of the aforesaid deprivations, Plaintiffs suffered damages including, but not limited to, severe head trauma, other physical injuries, mental suffering, embarrassment, humiliation, fear, post-traumatic stress disorder, severe emotional distress and medical expenses.

**SECOND CAUSE OF ACTION:**
**FIRST MONELL CLAIM**

42.    Paragraphs 1-41 are re-alleged with the same force and effect as if hereinafter set forth in full.

43.    The Village policy makers knew that situations would be presented to Village police officers where they would face an emotionally and cognitively impaired person such as K.B..

44.    The Village policy makers knew that Village police officers would face a difficult choice in how to respond to persons exhibiting emotional and/or cognitive impairment and whether

5

to use excessive force with respect to mentally and emotionally impaired citizens acting on their mental impairments.

45.     Policy makers for the Village were aware of the likelihood of an improper decision by Village police officers when confronted with such choice.

46.     Policy makers for the Village were aware that a wrong choice by Village police officers would tend to cause the deprivation of a citizen's constitutional rights.

47.     That despite such knowledge, upon information and belief, the Village did not train or supervise its police officers including the Defendants on how to handle situations where an emotionally and/or cognitively disabled person presented with emotional impairment and refused to comply with police orders.

48.     That the Village's failure to train and/or supervise Defendants Schloicka, Zaccaria and Dodson to use reasonable and not excessive force in their interaction with citizens experiencing emotional impairment while in custody constituted deliberate indifference by the Village to the rights of citizens, and in particular, Plaintiffs herein.

49.     That the failure to supervise and/or train Defendants Schloicka, Zaccaria and Dodson in how to approach such situations by the Village actually encouraged and condoned said Defendants' belief that they could use excessive force to violate the constitutional rights of Plaintiffs as described hereinabove.

50.     That such failure to supervise and/or train proximately cause the deprivation of Plaintiffs' constitutional rights.

51.     That a proximate result of the Village's actions and such deprivation was damaging to Plaintiffs.

## THIRD CAUSE OF ACTION:
## SECOND <u>MONELL</u> CLAIM

52.    Paragraphs 1-51 are re-alleged with the same force and effect as if hereinafter set forth in full.

53.    The Village policy makers knew that situations would be presented to Village officers and employees where they would face a person who was subject to use of force.

54.    The Village policy makers knew that Village police officers would face a difficult choice in how to respond to persons being detained, and the choice of how much force to use and how to apply that force.

55.    Policy makers for the Village were aware of the likelihood of an improper decision by Village officers and employees when confronted with such choice.

56.    Policy makers for the Village were aware that a wrong choice by Village officers and employees would tend to cause the deprivation of a citizen's constitutional rights.

57.    That despite such knowledge, upon information and belief, the Village did not train or supervise its police officers and employees, including the Defendants, on how to handle situations where there is the possibility of force to be applied.

58.    That the Village's failure to train and/or supervise Defendants Schloicka, Zaccaria and Dodson to use reasonable and not excessive force in their interaction with citizens to whom they apply force constituted deliberate indifference by the Village to the rights of citizens, and in particular, Plaintiffs herein.

59.    That the failure to supervise and/or train Defendants Schloicka, Zaccaria and Dodson in how to apply force actually encouraged and condoned said Defendants' belief that they could use excessive force to violate the constitutional rights of Plaintiffs as described hereinabove.

7

60.     That such failure to supervise and/or train proximately cause the deprivation of Plaintiffs' constitutional rights.

61.     That a proximate result of the Village's actions and such deprivation was damaging to Plaintiffs.

### FOURTH CAUSE OF ACTION: EXCESSIVE FORCE

#### Article I Section 12 of the Constitution of the State of New York and New York State common law

62.     Paragraphs 1-61 are re-alleged with the same force and effect as if hereinafter set forth in full.

63.     Defendant engaged in an unreasonable seizure and applied excessive force to Plaintiffs in violation of Article I Section 12 of the Constitution of the State of New York.

64.     As a proximate result thereof, Plaintiffs suffered damages including, but not limited to, severe head trauma, physical injuries, mental suffering, embarrassment, humiliation, fear, post-traumatic stress disorder, severe emotional distress and medical expenses.

### FIFTH CAUSE OF ACTION: ASSAULT AND BATTERY

#### New York State Common Law

65.     Paragraphs 1-64 are re-alleged with the same force and effect as if hereinafter set forth in full.

66.     Plaintiffs did not consent and objected to defendant's contact with their bodily person.

8

67.    As a proximate result of the action of Defendants, Plaintiffs suffered severe head injuries, physical injuries, post-traumatic stress and mental pain and suffering and incurred medical expenses.

68.    Plaintiffs suffered damages as a proximate result of Defendants' aforesaid acts.

## SIXTH CAUSE OF ACTION:
## NEGLIGENCE

### New York State Common Law

69.    Paragraphs 1-68 are re-alleged with the same force and effect as if hereinafter set forth in full.

70.     Defendant Dodson had a duty and obligation to not push K.B. off his bicycle while Boyer rode on the street.

71.    That Defendant Dodson violated and breached that duty by pushing K.B. off his bicycle to the ground.

72.    That Defendant Dodson proximately caused injuries to K.B..

73.    That K.B. sustained severe head injuries, physical injuries, post-traumatic stress and mental pain and suffering and incurred medical expenses as a result of Defendant Dodson's negligence, violation and breach of duty.

## **DEMAND FOR RELIEF**

**WHEREFORE**, plaintiff Shallon Boyer demands compensatory and punitive damage award and judgment against the Defendants in an amount to be determined by a jury, attorneys' fees, expenses and disbursements for the plaintiff's attorney pursuant to 42 U.S.C. § 1988, and such other and further relief as this court deems just, proper, and equitable.

Plaintiff hereby demands a jury trial with respect to both liability and damages.

DATED: June 29, 2018                                      LUIBRAND LAW FIRM, PLLC

s/*Kevin A. Luibrand*

Kevin A. Luibrand, Esq.
Federal Bar Roll No. 102083
*Attorneys for Plaintiffs*
Office and P.O. Address:
950 New Loudon Road
Latham, New York 12110
Telephone: (518) 783-1100
Facsimile: (518) 783-1901
E-mail: kluibrand@luibrandlaw.com

10

# ***VERIFICATION***

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF ALBANY       )


The undersigned, an attorney admitted to practice in the courts of New York State, states that deponent is the attorney of record, or of counsel with the attorney(s) of record, for plaintiff in the within action; deponent has read the foregoing complaint and knows the contents thereof; the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true. This verification is made by deponent and not by plaintiff as plaintiff resides outside the county where your deponent has his office for the practice of law.

The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows:   A review of the file and records in your deponent's office.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

_____
Kevin A. Luibrand


Sworn to before me this
28th day of June, 2018.

_____
Notary Public

JANET L. MURRAY
Notary Public, State of New York
Qual. in Albany Co. No. 01MU6010574
Commission Expires July 20, 20 22

11